**GOVERNMENT OF AMERICAN SAMOA, Plaintiff**

v.

**MELINE FUAALII, Defendant**

No. 144-1975

High Court of American Samoa

Criminal Jurisdiction, Trial Division

August 5, 1975

On July 14, 1975, the defendant, acting through her attorney, the Public Defender, changed her plea to guilty on Count I at which time the people dismissed Count II in the interest of justice. Following the sentence of the court it was brought to the attention of all that the defendant was seventeen (17) years of age at the time the offense was allegedly committed. The court thereupon withdrew the plea and sentence and set the 28th day of July for the arguing of the matter, and thereupon the entire matter was continued to August 4, 1975.

Both parties submitted a brief, and the court after due consideration of same orders as follows:

IT IS ORDERED, ADJUDGED AND DECREED that the defendant in this matter will be tried as a juvenile. It is the opinion of this court that with varying statutes of limitations applying to misdemeanor and felony matters, it would be possible for the prosecuting authorities to wait an unconscionable time before bringing a criminal prosecution in the event that they elected to wait until a juvenile arrived

at the age of 18 years. Also, island population is transient in nature, and it is not at all unusual for young people to leave the island for the United States or elsewhere to live or to go to school. Therefore, if the prosecution can wait for periods of time before bringing the criminal prosecution, the practical effect would be to lose the power of summoning witnesses, the jurisdiction over the witnesses and in fact the jurisdiction over the defendant, and the net result would be a loss to the community of common justice and the speedy prosecution and trial of those accused of public offenses. Additionally there are provisions of the American Samoa Code which assign to the court the responsibility and authority to determine whether a juvenile should be tried as an adult. If we adopt the position of the prosecution in this matter the prosecuting authorities could make that decision for the court by simply waiting until the juvenile arrived at the age of 18 years before bringing the criminal prosecution. The net result is that the purpose of this worthwhile statute above referred would be subverted.

There are several other reasons for the court's decision including the fact that if the prosecution is allowed the option of bringing the case of the juvenile case or waiting and bringing same as an adult case, we are faced with a possibility that the prosecution might select those cases it wished to be tried in each category. It is this court's opinion that that is far too much unintended power to give to any prosecuting authority. The virtue of this court's ruling is that there is no possibility of favoritism and the rule is definite.